BEFORE THE THIRD DIVISION, JUNE 29, 1956

No. **60090.**—Pacific Customs Brokerage Company *v.* United States, petition 7114–R (Portland, Maine).

JOHNSON, Judge: This is a rehearing of a proceeding for the remission of additional duties assessed in connection with an importation of railway vans or cabooses sent to Canada for repairs or alterations and thereafter returned to the United States.   Regular duty was assessed upon the value of the repairs or alterations only, pursuant to paragraph 1615 (g) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, but additional duties were also assessed under section 489 of said tariff act, which, at the time of these importations, provided for the assessment of such duty where the final appraised value of any article subject to an ad valorem rate of duty exceeded the entered value.   Such duty may be remitted by this court upon a finding that entry was made without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

When this case was originally before us, it was tried and briefed by counsel on the theory that there was no such intention on the part of the petitioner.   The court considered the case entirely on that basis and denied the petition on the ground that petitioner had not sustained the burden of overcoming the presumption of fraud, due to an undervaluation of more than 100 per centum.   *Pacific Customs Brokerage Company* v. *United States*, 36 Cust. Ct. 141, C. D. 1766.

The facts brought out at the original hearing may be summarized as follows: Six railway vans were exported to Canada for conversion from arch bar trucks to solid cast steel truck frames or sides.   During the course of the work, it was discovered that, after the sides had been put on and the arch bars removed, the journals for the wheels and the wheels themselves did not fit.   Therefore, new wheels and certain other parts were put on the vans, replacing the old ones.   The cost of repairs given in the original invoices (marked "A") and in the entries did not include the new wheels and other parts.   Thereafter, a customs official observed one car of another shipment and noticed that it had new wheels, new brake shoes, and other parts.   Inquiry was made by customs officials and corrected invoices (marked "B") were submitted.   These gave a much higher value for the cost of repairs.

Upon motion of petitioner, the judgment heretofore rendered was vacated and a rehearing granted upon a claim, not previously presented, that the wheels and

other parts are excess merchandise and should not have been subjected to additional duty at all.

At the rehearing, an additional point, not previously raised by either party, was brought out by counsel for the Government in the following statement:

* * * An examination of the five entry papers here discloses to me a check mark in red ink in the summary of examination and appraisement report of the appraiser which indicates to me that the appraiser approved the entered values in each case. An examination of the summary of entered values on the same form on the reverse side indicates that the entry was made in accordance with invoice marked "A", which presumably was approved by the check mark by the appraising official. I find no appraisement by the appraising official at the value indicated in Exhibit "B", although I do find that on liquidation the collector apparently used Exhibit "B" in mathematizing duties that may be due in connection with each of these five cases. In my opinion, if the collector did not agree to the appraised value in accordance with the appraising official's check mark of the entered value on invoice "A" it was his duty, as I say in my opinion, to file a collector's appeal, which an examination of these papers do not disclose. Therefore we have no collector's appeal here and we have no importer's appeal and the value found by the appraising officials in this case equal to the entered values represent the final appraised value, which are equal to the entered value, and hence I cannot see any additional duties accruing.

An examination of the official papers discloses that the reports of appraisement in entries V 2713, V 2714, and V 2741 are dated May 25, 1953, and are signed by Acting Appraiser Dickinson. Under the column headed "APPRAISED" in each report, there appears a red check mark, indicating that the merchandise was appraised as entered. There is no date showing when the corrected invoices as to these entries were filed with the collector. The corrected invoice in entry V 2714 is dated June 23, 1953; the others are undated. Corrected affidavits, giving the higher values for the repairs, were sworn to before the American consul in Montreal on August 24, 1953. It may be that these papers were filed with the collector too late for an appeal for reappraisement to be taken. In any case, the appraised values, which are the same as the entered values, are now final and conclusive on all parties. *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712.

The report of appraisement in entry V 2861 is dated August 28, 1953, and is signed by C. E. Russell, appraiser. It contains the following:

EXPLANATION.—A check mark (√) in the appropriate column below indicates that—(a) the appraised value agrees with the entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto; * * *. Findings at variance with the invoice description and information are indicated by notations in the appropriate columns below as follows: Value advanced, "Adv"; value reduced, "Red"; higher rate applies, "RA"; lower rate applies, "RR"; * * *.

| * * * | EXAMINER AND DATE OF EXAMINATION | APPRAISED | ADVISORY CLASSIFICATION | QUANTITIES | DATE OF RELEASE | * * * |
|---|---|---|---|---|---|---|
| | 6/1/53 DCL | √ | √ ADV | √ | 6/1/53 | |

The report in entry V 2833 is similar, except that it is not dated.

It may be that the appraiser intended to advance the values in these entries, but this is not clear from the reports. The check mark in the column headed "APPRAISED" apparently indicates that the merchandise was appraised as entered, while the letters "ADV" apparently indicate that the value had been advanced. The letters, however, do not appear in the appropriate column, and there are no notations on the invoices stating the advanced values, in accordance

with section 14.2 (*l*), (*o*), and (*p*) of the Customs Manual of 1943, as amended. On the record before us and in view of the statement by counsel for the Government, it appears that the appraised values in entries V 2833 and V 2861 were the same as the entered values. *United States* v. *Cone & Co.*, 10 Ct. Cust. Appls. 120, T. D. 38375.

Since the appraised values in all the entries herein are no higher than the entered values, the collector had no authority to assess additional duties under section 489 of the Tariff Act of 1930. *United States* v. *Cone & Co.*, *supra*.

According to the official papers, these entries have not yet been liquidated, but the additional duties have been paid. Although the issue as to the legality of the collector's assessment of additional duties might have been raised more properly by way of protest after liquidation, in order to avoid circuity of action and in view of the statement of counsel for the Government, the petition is granted to the extent that the collector will be directed to refund the amounts paid as such additional duties. Judgment will be rendered accordingly.